JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-357 PA (SPx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | The Bank of New York Mellon, et al. v. David Valk, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed on February 26, 2013 by David Valk and Lori L. Valk ("Defendants"). Plaintiff The Bank of New York Mellon FKA The Bank of New York ("Plaintiff") filed its Complaint in Riverside County Superior Court asserting a single cause of action for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Defendants further assert jurisdiction on the basis of 28 U.S.C. § 1343, which provides that district courts shall have original jurisdiction of any civil action authorized by law to redress civil rights violations.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### I.    Federal Question Jurisdiciton

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-357 PA (SPx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | The Bank of New York Mellon, et al. v. David Valk, et al. | | |

such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. In the Notice of Removal, Defendants claim a number of federal civil rights violations under 42 U.S.C. §§ 1986, 1985, 1983 and 1981 in relation to Defendants' mortgage loan and the foreclosure of their property. (See Notice of Removal at 4.)

Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. Any defenses that Defendant might raise to this unlawful detainer action, or claims she might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, the Court lacks federal question jurisdiction over this action. Defendants' allegations concerning Plaintiff's potential violations of civil rights do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

**II.      Removal Under 28 U.S.C. §§ 1343 and 1443**

In Defendants' Notice of Removal, they assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1343, which provides that district courts shall have original jurisdiction where the plaintiff seeks redress for the deprivation of his or her civil rights. However, here, Plaintiff has not asserted any claims for civil rights violations; Plaintiff's Complaint alleges only a single cause of action for unlawful detainer.

To the extent that Defendants are seeking to remove pursuant to 28 U.S.C. § 1443, Defendants also fail to show that subject matter jurisdiction exists over this action. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-357 PA (SPx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | The Bank of New York Mellon, et al. v. David Valk, et al. | | |

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006). Defendants do not allege facts that would support removal under § 1443, and therefore Defendants meet neither part of the Supreme Court's test in Georgia v. Rachel. There are no allegations or any other indication that Defendants are unable to pursue a civil rights claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendants' allegations concerning California State Employees doing business with banks or the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendants' federal rights. See Patel, 446 F.3d at 998–99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

  For the foregoing reasons, Defendants have failed to meet their burden of showing that federal subject matter jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Indio Courthouse of the Riverside County Superior Court, Case No. INC 1207917. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.